**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No.:

ROSANNE GIAMMALVO,

       Plaintiff,

v.

POLYGLASS U.S.A., INC., a Florida corporation; SHAUN TROCHESSETT, individually; and NATALINO ZANCHETTA, individually;

       Defendant.

_____/

## COMPLAINT AND JURY DEMAND

Plaintiff, ROSANNE GIAMMALVO, through undersigned counsel, files this Complaint against Defendants, POLYGLASS U.S.A., INC., SHAUN TROCHESSETT, and NATALINO ZANCHETTA, and alleges:

1.     This is an action for unpaid overtime and unlawful retaliation arising under the Fair Labor Standards Act 29 U.S.C. §§201-216.

## PARTIES, JURISDICTION, AND VENUE

2.     The Plaintiff is an individual over the age of 18, who currently resides in Broward County, Florida, and was a resident of Broward County, Florida, at the time that this dispute arose.

3.     Plaintiff was employed by the Defendants as a non-exempt hourly employee in the position of administrative assistant, from approximately March 6, 2017 until she was unlawfully terminated on or about June 27, 2019.

1

4.      For her work, Plaintiff was paid the regular rate of approximately $30.84 per hour during all times relevant to this action.

5.      In her work for the Defendants, Plaintiff regularly and recurrently used instrumentalities of interstate commerce to communicate outside of Florida at the request of Defendants. Thus, Plaintiff was covered, individually, under the FLSA.

6.      Defendant, POLYGLASS U.S.A., INC., is a Florida corporation, with its principal place of business located in Broward County, Florida, which regularly conducts its business within Broward County, Florida – out of its facility located in Deerfield Beach, Florida – the facility where Plaintiff worked. Defendant, POLYGLASS U.S.A., INC., was Plaintiff's FLSA employer pursuant to 29 U.S.C. §203(d) during all relevant time periods of this Complaint.

7.      Throughout Plaintiff's employment with Defendant, POLYGLASS U.S.A., INC., was an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. §203(r) and 203(s).

8.      At all years material, Defendant, POLYGLASS U.S.A., INC., employed two or more employees who regularly were and are engaged in commerce or the production of goods for commerce, with Defendant, POLYGLASS U.S.A., INC., having annual gross volume of sales or business done of not less than $500,000.00 within the meaning of Sections 203(r) and (s) of the FLSA.

9.      At all times relevant, the Defendant, SHAUN TROCHESSETT, was an individual resident of the State of Florida, residing within this District, and subject to the jurisdiction of this Court, who owned and/or operated POLYGLASS U.S.A., INC., where Plaintiff was employed. Defendant, SHAUN TROCHESSET, acted and acts directly in the interests of POLYGLASS

U.S.A., INC. in relation to its employees, including Plaintiff, and thus, Defendant, SHAUN TROCHESSET, was and is an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

10.   At all times relevant, the Defendant, NATALINO ZANCHETTA, was an individual resident of the State of Florida, residing within this District, and subject to the jurisdiction of this Court, who owned and/or operated POLYGLASS U.S.A., INC., where Plaintiff was employed. Defendant, NATALINO ZANCHETTA, acted and acts directly in the interests of POLYGLASS U.S.A., INC. in relation to its employees, including Plaintiff, and thus, Defendant, NATALINO ZANCHETTA, was and is an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

11.   Venue is proper in this Court because Defendants transact business within this District, and all acts or omissions giving rise to this dispute took place in the Southern District of Florida.

12.   This Court has jurisdiction pursuant to 28 U.S.C. §1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§201-219.

## COUNT I
## <u>OVERTIME VIOLATION OF THE FAIR LABOR STANDARDS ACT ("FLSA")</u>
### (Against All Defendants)

Plaintiff, realleges and incorporates herein the allegations contained in paragraphs 1-12, as if fully stated herein.

13.   During all times relevant through her last day of employment with the Defendants, Plaintiff regularly worked overtime hours for which she was not compensated.

14.   In addition to the overtime hours Plaintiff worked on the clock, Plaintiff regularly worked additional overtime hours at the request of her supervisors off the clock.

15.     Despite Defendants' knowledge of the overtime work that Plaintiff did off the clock at their instruction and for their benefit, Defendants did not compensate Plaintiff at all for those hours.

16.     Upon information and belief, Defendants are in possession of all records related to Plaintiff's employment during the time period as Plaintiff's access to these records has been terminated upon her termination.

17.     By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorney's fees.

18.     As a result of Defendants' willful violations of the FLSA, Plaintiff is entitled to liquidated damages.

19.     Plaintiff has retained the undersigned counsel to represent her in this action, and agreed to pay her counsel reasonable fees and costs. Pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for the following:

(a) Unpaid overtime wages found to be due and owing;

(b) An additional amount equal to the overtime wages found to be due and owing as liquidated damages;

(c) Prejudgment interest in the event liquidated damages are not awarded;

(d) A reasonable attorney's fee and costs; and

(e) Such other relief as the Court deems just and equitable.

**COUNT II**
**MINIMUM WAGE VIOLATION OF THE FAIR LABOR STANDARDS ACT ("FLSA")**
**(Against All Defendants)**

Plaintiff, realleges and incorporates herein the allegations contained in paragraphs 1-12, as if fully stated herein.

20.     During all times relevant through her last day of employment with the Defendants, Plaintiff regularly worked hours for which she was not compensated at all.

21.     In addition to the overtime hours Plaintiff worked on the clock, Plaintiff regularly worked additional overtime hours at the request of her supervisors off the clock.

22.     Despite Defendants' knowledge of the overtime work that Plaintiff did off the clock at their instruction and for their benefit, Defendants did not compensate Plaintiff at all for those hours.

23.     Upon information and belief, Defendants are in possession of all records related to Plaintiff's employment during the time period as Plaintiff's access to these records has been terminated upon her termination.

24.     By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorney's fees.

25.     As a result of Defendants' willful violations of the FLSA, Plaintiff is entitled to liquidated damages.

26.     Plaintiff has retained the undersigned counsel to represent her in this action and agreed to pay her counsel reasonable fees and costs. Pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for the following:

(a) Unpaid minimum wages found to be due and owing;

(b) An additional amount equal to the overtime wages found to be due and owing as liquidated damages;

(c) Prejudgment interest in the event liquidated damages are not awarded;

(d) A reasonable attorney's fee and costs; and

(e) Such other relief as the Court deems just and equitable.

**COUNT III**
**UNLAWFUL RETALIATION UNDER THE FLSA**
**(Against All Defendants)**

Plaintiff realleges and adopts the allegations contained in Paragraphs 1-12, above, as if fully stated herein.

27.     Plaintiff worked for the Defendants as an administrative assistant from March 6, 2017, until she was unlawfully terminated on or about June 27, 2019.

28.     Throughout her employment, Plaintiff had impeccable employment record with the Defendants.

29.     During her employment with the Defendants, Plaintiff regularly worked overtime hours off the clock at the request of her supervisors for which she was not paid at all, let alone at the rate of time and a half her regular rate.

30.     Defendants were aware of the off-the-clock hours Plaintiff because these hours were performed at the direction and request of Plaintiff's supervisors.

31.     On several occasions in May and June, 2019, immediately before her termination, Plaintiff complained to the Defendants about her unpaid, after hours, off-the-clock overtime during her employment and her about her unpaid incurred expenses.

32.     At the request of her supervisor, Plaintiff started computing her owed unpaid overtime and expenses; however, at the request of all Defendants, she was terminated by Defendant, SHAUN TROCHESSETT, before she was able to submit her report on the overtime hours owed and expenses.

33.     In requesting her unpaid overtime hours, Plaintiff engage in a protected activity as defined by the FLSA.

34.     By being terminated by the Defendants immediately after requesting her unpaid overtime, Plaintiff suffered from an adverse action by the employer under the FLSA.

35.     The proximity of Plaintiff's termination to her Complaint and demand for overtime wages demonstrates that demand for pay is the reason for Plaintiff's termination. In other words, Plaintiff would not have been terminated but for her request to be paid her off-the-clock overtime.

36.     In terminating the Plaintiff because of her complaints, the Defendants intended to, and indeed unlawfully retaliated against the Plaintiff for exercising her rights under the FLSA.

37.     As a direct and proximate result of Plaintiff's opposition and objection to the Defendants' violation of the FLSA and request to be paid he owed overtime and other wages, she was terminated from her employment on or about June 27, 2019.

38.     As a result of the termination of Plaintiff's employment, she has suffered damages in the form of lost wages and benefits both past and into the future.

39.     Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to the FLSA.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against the Defendants awarding her compensation and/or actual damages, liquidated damages,

reasonable attorney's fees and costs and expenses of this litigation, and any other further relief this Court deems to be just and proper.

## **JURY DEMAND**

Plaintiff hereby requests trial by jury on all issues so triable.

Respectfully submitted, this 23rd day August, 2019.

> ADI AMIT, P.A.
> *Counsel for Plaintiff*
> 101 Centre
> 101 NE Third Avenue, Suite 300
> Fort Lauderdale, Florida 33301
> Phone:      (954) 533-5922
> Fax:          (954) 302-4963
> E-mail: adi@defenderofbusiness.com
>
> By: *s/Adi Amit*
>       Adi Amit, Esquire
>       Florida Bar No. 35257